IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15CR76–HEH |
| | ) | |
| IVAN DAWKINS, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Ivan Dawkins, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 38).[1] The Government has filed a Response. (ECF No. 46.) Dawkins has not filed a reply. For the reasons set forth below, the § 2255 Motion will be denied.

I. PROCEDURAL HISTORY

On April 21, 2015, a grand jury charged Dawkins with two counts of possession with intent to distribute a mixture and substance containing a detectable amount of heroin (Counts One and Two); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). (ECF No. 10 at 1–3.) On June 22, 2015, Dawkins pled guilty to Counts Two and Three. (ECF No. 18 at 1–2.) In the Statement of Facts filed in conjunction with the Plea Agreement, Dawkins acknowledged

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in quotations from Dawkins's submissions.

that the facts contained in Counts Two and Three of the Indictment and the following facts were true and that the Government could have proven them beyond a reasonable doubt had the matter gone to trial:

    1.    On or about November 21, 2014, and on or about March 20, 2015, in the Eastern District of Virginia, and within the jurisdiction of this Court, IVAN DAWKINS possessed with intent to distribute heroin and on March 20, 2015, IVAN DAWKINS possessed a firearm in and affecting interstate commerce after being convicted by a court of a crime punishable by imprisonment for a term exceeding one year.

    2.    On November 21, 2014, law enforcement observed IVAN DAWKINS conduct a hand-to-hand transaction and stopped both IVAN DAWKINS and the person with whom IVAN DAWKINS had the hand-to-hand transaction. That person had a $20 packet of heroin in his pocket, which IVAN DAWKINS subsequently admitted to selling. Additionally, IVAN DAWKINS had 14 baggies of heroin with a total weight of 6.4 grams which were packaged for distribution and which IVAN DAWKINS intended to sell.

    3.    On March 20, 2015, law enforcement executed search warrants on IVAN DAWKINS, his vehicle and his home in the Eastern District of Virginia. From IVAN DAWKINS's vehicle, law enforcement recovered approximately 14 grams of heroin. From IVAN DAWKINS's residence, law enforcement recovered 20 grams of heroin, packaging materials, cutting agent, digital scales, $9,600 in United States Currency which were proceeds from IVAN DAWKIN[S]'s illegal drug trafficking, and three firearms. IVAN DAWKINS possessed the three firearms, specifically a Ruger Model SR9, 9 mm pistol, bearing serial number 330–04483; a Ruger Model SR22, .22 caliber pistol, bearing serial number 360–54913; and a Browning .25 caliber pistol, bearing serial number 404442, which had been reported stolen, in connection with his drug trafficking activities. Each of these firearms was manufactured outside of the Commonwealth of Virginia and therefore travelled in interstate commerce prior to IVAN DAWKINS's possession of the firearms on March 20, 2015. Prior to March 20, 2015, IVAN DAWKINS was convicted by this Court of a crime punishable by imprisonment for a term excessing one year. Specifically, on July 14, 1993, this Court convicted IVAN DAWKINS of conspiracy to distribute heroin and imposed a 10-year sentence.

    4.    The acts taken by the defendant, IVAN DAWKINS, in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts

does not describe all of the defendant's conduct relating to the offenses charged in this case . . . .

(ECF No. 19 at 1–3.) On September 18, 2015, the Court entered judgment against Dawkins and sentenced him to 168 months of incarceration on Count Two, and 120 months of incarceration on Count Three, to run concurrently. (ECF No. 31 at 2.) Dawkins did not appeal.

On February 25, 2020, Dawkins filed the present § 2255 Motion.[2] In the § 2255 Motion, Dawkins raises the following claims for relief:

> Claim One: "In light of *Rehaif v. United States*, [139 S. Ct. 2191 (2019)] Petitioner is actually innocent of violating 18 U.S.C. section 922(g)(1), [because he did not know that he could not possess a firearm, he was not charged with knowing that he could not possess a firearm, and the government did not prove that he knew he could not possess a firearm]." (ECF No. 38, at 3 (second alteration in original).)
>
> Claim Two: "In light of *United States v. Whitley*, [737 F. App'x 147 (4th Cir. 2018)] Petitioner was improperly sentenced as a career offender." (*Id.* at 4.)

As discussed below, Claim One is procedurally defaulted and barred from review here. Moreover, Claim Two is untimely and barred by the statute of limitations.

---

[2] Dawkins indicates that he executed his § 2255 Motion on February 25, 2020. (*See* ECF No. 41 at 12.) Dawkins must have placed the § 2255 Motion in the prison mailing system that day because the Court received it on February 27, 2020. The Court deems February 25, 2020 as the filed date. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

## II.     STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>   (1)   the date on which the judgment of conviction becomes final;
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.     28 U.S.C. § 2255(f)(1)

Because Dawkins did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, October 2, 2015, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Dawkins had one year, or until Monday, October 3, 2016, in which to file his § 2255 motion. Dawkins failed to file his § 2255

4

Motion until February 25, 2020. Thus, his § 2255 Motion is untimely unless he demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. With respect to Claim One, the Government concedes that *Rehaif* applies retroactively to cases on collateral review, and therefore, Dawkins's claim is timely under § 2255(f)(3). (ECF No. 46 at 3.) For Claim Two, Dawkins seemingly suggests that the unpublished Fourth Circuit case, *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018), provides him with a belated commencement of the limitations period under § 2255(f)(3).[3] The Court turns to that contention first.

## B.     Belated Commencement

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Dawkins] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). According to Dawkins, the "right" asserted here is based on *Whitley*.[4] However, Dawkins contention fails on all accounts.

---

[3] Neither Dawkins nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2255(f)(1), (2), and (4) or equitable tolling. Accordingly, the Court need not address these provisions.

[4] In *Whitley*, the Fourth Circuit stated that "[a]n enhanced sentence may follow a conviction for an inchoate crime only if the defendant's conviction necessarily establishes that he was found guilty of a crime whose elements encompass both the generic inchoate crime and the generic

5

*Whitley* was a case decided by the United States Court of Appeals for the Fourth Circuit and, therefore, it is not a new, retroactive right recognized by the United States Supreme Court. Therefore, *Whitley* cannot satisfy § 2255(f)(3).[5] Accordingly, Claim Two is untimely and will be dismissed.

### III. PROCEDURAL DEFAULT

#### A. Alleged Error under *Rehaif* (Claim One)

The Government concedes that *Rehaif* applies retroactively to cases on collateral review, but argues that, Dawkins procedurally defaulted any challenge to his conviction based on *Rehaif*. (ECF No. 46 at 3.)[6] As discussed below, Claim One is defaulted and it is barred from review here.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who

---

underlying crime." 737 F. App'x at 149 (quoting *United States v. McCollum*, 885 F.3d 300, 305 (4th Cir. 2018)). Dawkins argues that his sentence as a career offender was incorrect because one of the predicates—conspiracy to distribute 1 kilogram or more of heroin—"is not a 'controlled substance offense,' in light of" *Whitley*, because conspiracy is an inchoate crime. (ECF No. 39 at 8.)

[5] Even if Dawkins could demonstrate that *Whitley* somehow satisfied § 2255(f)(3), which it clearly does not, Claim Two is untimely filed. *Whitley* was decided on June 12, 2018, and any claim brought pursuant to that case should have been filed by June 12, 2019 to be timely.

[6] The Fourth Circuit has not addressed the retroactivity of *Rehaif*. At least two circuit courts have found that *Rehaif* is merely a case of statutory interpretation, and it did not establish a new rule of constitutional law. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Nevertheless, because the Government concedes its retroactivity, for the purposes of this opinion, the Court will accept that *Rehaif* applies retroactively to cases on collateral review.

"knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[7]

Relying on this holding, Dawkins contends that his plea colloquy was defective because he was not informed that the Government had to prove knowledge of prohibited status. Dawkins apparently suggests that, because he was unaware of this element of the § 922(g) offense, his plea was not knowing and voluntary and his conviction must be

---

[7] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

7

vacated.[8] However, as discussed below, Claim One is procedurally defaulted, and barred from review here.

### B. Dawkins Fails to Demonstrate Actual Prejudice or Actual Innocence

Dawkins clearly did not raise his *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here because Dawkins could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal." (internal quotation marks omitted) (citation omitted)). The Court need not determine whether Dawkins has

---

[8] Dawkins does not specifically argue that *Rehaif* requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. *Rehaif* does not require the Government to prove that Dawkins knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon . . . )." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 945–55 (7th Cir. 2020) *petition for cert. filed*, Nos. 20–6129, 20–6226, 20–6227 (U.S. Oct. 19, 2020 & Oct. 28, 2020); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

8

shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Dawkins must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Notably, Dawkins does not argue that, but for the *Rehaif* error, he would have pled not guilty and insisted on proceeding to trial. For this reason alone, Dawkins has failed to meet his burden of establishing actual prejudice. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Dawkins was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as a convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). *See United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *petition for cert. filed*, No. 20–5489 (U.S. Aug. 25, 2020).

9

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. at 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Dawkins was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Overwhelming evidence reflects that Dawkins knew of his felon status at the time of the firearm offense and the Government easily could have proven that fact if he had insisted on proceeding to trial. *Cf. Greer*, 141 S. Ct. at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). Namely, Dawkins had been convicted of multiple felonies including: grand larceny in 1986, for which he was sentenced to a three-year active term of imprisonment (ECF No. 24 at ¶ 64); conspiracy to possess with intent to distribute heroin by this Court in 1993, for which he was sentenced to 120 months of imprisonment and spent multiple consecutive years in prison (*id.* at ¶ 65); and, grand larceny in 2011, for which he was sentenced to a two-year active term of

imprisonment. (*Id.* at ¶ 71.) Moreover, the record lacks any evidence suggesting that Dawkins would not have pled guilty if he had known that such proof was required.[9]

Therefore, Dawkins cannot show any actual prejudice. This same information dispels any suggestion that Dawkins' actual innocence could excuse his default. Accordingly, Claim One is defaulted and will be DISMISSED.

## V. CONCLUSION

For the foregoing reasons, Dawkins's § 2255 Motion (ECF No. 38) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: August 24, 2021
Richmond, Virginia

---

[9] In exchange for Dawkins's guilty plea, the Government agreed to *nolle prosse* Count One of the Indictment. Moreover, Dawkins received a three-level reduction in his Offense Level for acceptance of responsibility, making his sentencing guidelines range 151 to 188 months on Count Two. (ECF No. 22 at ¶ 55–57, 132.) If Dawkins had instead proceeded to trial, he faced a statutory sentence of up to twenty years of imprisonment and would have lost the benefit of that three-point reduction, resulting in a restricted sentencing guidelines range of 210 to 240 months. Thus, with a certainty, Dawkins would have received more than the 188-month sentence he received on Count Two. Accordingly, no reasonable defendant in Dawkins's position, would have insisted on proceeding to trial when he almost certainly would have been convicted and received a longer sentence.